UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**JASON DERRELL COOPER,**

   Petitioner,

v.

**ERIC GUERRERO, DIRECTOR,
TEXAS DEPARTMENT OF
CRIMINAL JUSTICE-CORRECTIONAL
INSTITUTIONS DIVISION,**

   Respondent.

No. 4:25-cv-1100-P
(Consolidated with
No. 4:25-cv-1200-P)

## OPINION AND ORDER

Came on for consideration the petitions of Jason Derrell Cooper under 28 U.S.C. § 2254. The Court, having considered the petitions, the response, the reply, the record, and applicable authorities, concludes that the petitions must be **DISMISSED** as untimely.

## BACKGROUND

Petitioner is serving an 18-year sentence of imprisonment following his conviction pursuant to a guilty plea entered December 13, 2023, under Case No. 18286C in the 29th District Court, Palo Pinto County, Texas, for engaging in organized criminal activity. ECF No. 16-2 at 6–8. Petitioner did not appeal. *Id.* at 11.

On June 14, 2024, Petitioner signed his state habeas application. ECF No. 16-2 at 24. (The application was received and file-marked on June 25, 2024. *Id.* at 9.) On August 14, 2024, the Court of Criminal Appeals of Texas ("CCA") denied the application without written order. ECF No. 16-1.

Petitioner did not date the federal habeas petition filed under Case No. 4:25-cv-1100-P. The envelope in which it arrived in the Clerk's office

reflects that it was mailed October 4, 2025. ECF No. 1 at 11. The petition filed under Case No. 4:25-cv-1200-P reflects that it was signed October 7, 2025. No. 4:25-cv-1200-P, ECF No. 1 at 10.

## LIMITATIONS

A one-year period of limitation applies to a petition for writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The period runs from the latest of —

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of diligence.

28 U.S.C. § 2244(d)(1). Typically, the time begins to run on the date the judgment of conviction becomes final. *United States v. Thomas*, 203 F.3d 350, 351 (5th Cir. 2000). A criminal judgment becomes final when the time for seeking direct appeal expires or when the direct appeals have been exhausted. *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987).

The time during which a properly filed application for state post-conviction relief is pending does not count toward the period of limitation. 28 U.S.C. § 2244(d)(2). A state habeas petition is pending on the day it is filed through the day it is resolved. *Windland v. Quarterman*, 578 F.3d 314, 317 (5th Cir. 2009). A properly-filed subsequent state petition, even though dismissed as successive, counts to toll the applicable limitations period. *Villegas v. Johnson*, 184 F.3d 467, 470 (5th Cir. 1999). And, a motion for reconsideration of the denial of a state petition also counts to toll limitations. *Emerson v. Johnson*, 243 F.3d 931, 935 (5th Cir. 2001). A state habeas application filed after

limitations has expired does not entitle the petitioner to statutory tolling. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Equitable tolling is an extraordinary remedy available only where strict application of the statute of limitations would be inequitable. *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). The doctrine is applied restrictively and only in rare and exceptional circumstances. *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). The petitioner bears the burden to show that equitable tolling should apply. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). To do so, the petitioner must show that he was pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented the timely filing of his motion. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Whether the petitioner is entitled to equitable tolling depends upon his diligence both before and after the extraordinary circumstance occurs. *Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019); *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009).

The failure to satisfy the statute of limitations must result from factors beyond the petitioner's control; delays of his own making do not meet the test. *In re Wilson*, 442 F.3d at 875. Equitable tolling applies principally where the petitioner is actively misled by the government or is prevented in some extraordinary way from asserting his rights. *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002); *Patterson*, 211 F.3d at 930. Neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling. *Fierro*, 294 F.3d at 682. Lack of legal acumen and unfamiliarity with legal process are not sufficient justification to toll limitations. *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008); *Alexander*, 294 F.3d at 629. Ineffective assistance is irrelevant to the determination of a right to equitable tolling because a prisoner has no right to counsel during post-conviction proceedings. *Petty*, 530 F.3d at 366. Transfers and delays in receiving paperwork are parts of prison life and are not rare and extraordinary. *Wallace v. United States*, 981 F. Supp. 2d 1160, 1165 (N.D. Ala. 2013); *United States v. Cockerham*, No. SA-12-CA-714-WRF, 2012 WL 12867870, at *2 (W.D. Tex. Aug. 27, 2012). Equitable tolling applies to limitations of prison library access

3

only when those limitations actually prevented the timely filing of a petition. *Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011).

Finally, the Supreme Court has recognized actual innocence as an equitable exception to the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). To meet the actual innocence exception to limitations, the petitioner must show that, in light of new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. *Id.* at 386–87. "Actual innocence" means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). Moreover, such a claim requires the petitioner to support his allegations with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

## ANALYSIS

Petitioner did not appeal the underlying conviction; therefore, his judgment became final on January 12, 2024, thirty days after it was entered. TEX. R. APP. P. 68.2(a). Absent tolling, he had until January 13, 2025, in which to file his federal habeas petition.[1] Because Petitioner's state habeas application was pending from June 14, 2024, through August 14, 2024, when it was denied, 62 days are added to the limitations period. 28 U.S.C. § 2244(d)(2). Since March 16, 2025, was a Sunday, the deadline for filing the federal habeas petition became March 17, 2025. Giving Petitioner the benefit of the October 4, 2025 date stamp on the envelope transmitting his first federal petition, the filing was still over 200 days late.

In the section of the form petition titled "Timeliness of Petition," providing space for an explanation why limitations does not bar the petition, Petitioner makes the conclusory allegation that from early 2024 until mid-December 2024 he could not withdraw money from his account. No. 4:25-cv-1200-P, ECF No. 1 at 9. (In No. 4:25-cv-1100-P, Petitioner alleges that he was not permitted to withdraw funds from "somewhere between March until December 2, 2024." ECF No. 1 at 9.) He fails to explain what relevance that has to the running of limitations.

---

[1] January 12, 2025, was a Sunday. *See* FED. R. CIV. P. 6(a).

4

The Court is not aware of a filing fee for a state habeas application.[2] That Petitioner did file his state habeas application in June 2024, conflicts with the allegation that inability to withdraw funds somehow impeded him. And, although there is a nominal filing fee for a federal habeas petition, there is no requirement that the fee be paid up front. Instead, most habeas petitions are filed without a filing fee being submitted. In any event, the alleged freezing of the account in 2024 has no relevance to the late filing in 2025. Petitioner has not shown that anything but his own inattention prevented his timely filing. *Holland*, 560 U.S. at 653–54 (burden on petitioner to present facts sufficient to show extraordinary circumstances warranting equitable tolling). He has not shown diligence both before and after the filing of his state habeas application. *See Johnson v. Quarterman*, 483 F.3d 278, 287–88 (5th Cir. 2007) (a petitioner cannot squander the one-year grace period); *Stroman v. Thaler*, 603 F.3d 299, 301–02 (5th Cir. 2010) (filing state habeas application with only five months of the limitations period remaining indicated a lack of diligence).

To the extent Petitioner is claiming entitlement to the actual innocence gateway to overcome the limitations bar, ECF No. 18, he has not shown with new reliable evidence that he is factually innocent. *McQuiggin*, 569 U.S. at 386–87; *Schlup*, 513 U.S. at 324. At best, he appears to be arguing a new legal theory. But theory without evidence does not meet the test.[3] *See Forbes v. Davis*, No. 4:16-cv-0006-A, 2017 WL 244856, at *3 (N.D. Tex. Jan. 19, 2017).

## CONCLUSION

For the reasons discussed, the petition is **DISMISSED** as untimely. The Court need not reach the merits of the claims.

Further, for the reasons discussed herein, pursuant to 28 U.S.C.

---

[2] Article 11.051 of the Texas Code of Criminal Procedure prohibits clerks from requiring a filing fee for habeas applications.

[3] Given Petitioner's guilty plea, it seems highly unlikely that he could meet the test in any event.

§ 2553(c), a certificate of appealability is **DENIED**.

**SO ORDERED** on this **25th day of February 2026.**

**MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE

6